**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALLHERE EDUCATION, INC., | ) | Case No. 24-11841 (LSS) |
| | ) | |
| Debtor. | ) ) ) | Hearing Date: October 10, 2024 at 9:30 a.m. (ET)<br>Objections Due: September 23, 2024 at 4:00 p.m. (ET) |

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327, 328 AND 330, FED. R. BANKR. P. 2014 AND 2016 AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF ASHBY & GEDDES, P.A. AS COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO AUGUST 27, 2024**

George L. Miller (the "Trustee"), solely as chapter 7 trustee of AllHere Education, Inc., (the "Debtor") and its estate (the "Estate"), pursuant to 11 U.S.C. §§ 327, 328 and 330 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files this application (the "Application") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention of Ashby & Geddes, P.A. ("Ashby & Geddes") as counsel to the Trustee *nunc pro tunc* to August 27, 2024. In support of the Application, the Trustee relies upon the *Affidavit of Ricardo Palacio in Support of the Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and 330, Fed. R. Bankr. P. 2014 and 2016 and Local Rule 2014-1 Authorizing the Retention and Employment of Ashby & Geddes, P.A. as Counsel to George L. Miller, Chapter 7 Trustee, Nunc Pro Tunc to August 27, 2024* (the "Palacio Affidavit"), attached hereto as **Exhibit B**, and incorporated herein by reference. In further support of the Application, the Trustee respectfully represents as follows:

{02046974;v1 }

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

5. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relevant Background**[1]

6. Prior to the Petition Date (as defined below), the Trustee understands that the Debtor ran an attendance intervention management platform for K-12 schools and districts. The Trustee further understands, based on the bankruptcy petition filed in this case, that Debtor's principal place of business was 177 Huntington Avenue, Suite 1705, PMB#28939, Boston, MA 02115.

7. On August 23, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing this chapter 7 case (the "Case").

---

[1] The Trustee recites this background based on a preliminary and ongoing investigation of the Debtor and its business. The Trustee reserves the right to delete, amend, or expand upon any statement of fact as the Trustee and his professionals learn more about the Debtor.

Additionally, on August 23, 2024, the Debtor filed its schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 1 and 3].

8. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed George L. Miller to serve as interim Chapter 7 Trustee in this Case.

9. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) is scheduled for September 10, 2024.

10. On August 27, 2024, the Trustee selected Ashby & Geddes as his general bankruptcy counsel and requested that Ashby & Geddes begin to advise him in connection with the administration of this Case.

11. The Trustee is in the process of investigating the Debtor's assets and liabilities, with the intent of maximizing value for the benefit of creditors.

12. The Trustee has not filed a motion to operate the business of the Debtor pursuant to 11 U.S.C. § 721.

## Relief Requested

13. By this Application, the Trustee seeks authority to employ and retain Ashby & Geddes pursuant to sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 as his counsel, effective *nunc pro tunc* to August 27, 2024, to represent him regarding all matters related to the performance and prosecution of the Trustee's statutory duties in this Case.

## Basis for Relief

14. As set forth in section 327(a) of the Bankruptcy Code, a trustee, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are

disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).  The term "disinterested person" is defined as "a person that—(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." *Id.* § 101(14).

15. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a trustee appointed under section 701 of the Bankruptcy Code "with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

16. The trustee's application for retention of professionals "shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." FED. R. BANKR. P. 2014(a).  Moreover, "[p]romptly after learning of any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information." DEL. BANKR. L.R. 2014-1(a).

### A. Ashby & Geddes' Qualifications, Services to be Provided and Compensation

17. The Trustee seeks to retain Ashby & Geddes as his counsel to represent and advise him in connection with his statutory duties as Chapter 7 trustee of the Debtor's estate. The Trustee believes Ashby & Geddes is well suited and uniquely qualified to represent him in this Case. Ashby & Geddes has extensive experience in numerous cases before this Court. Ashby & Geddes also has the requisite expertise to advise the Trustee with respect to matters that are likely to arise in this Case, including, but not limited to, substantive and procedural issues arising in the Chapter 7 context, litigating (where necessary) on behalf of the Trustee and the Debtor's estate and negotiating with parties-in-interest to effectuate an orderly liquidation that benefits the Debtor's estate and creditors. Ashby & Geddes has become generally familiar with the Debtor's business and affairs, as well as potential legal issues that may arise in the context of this Case. After due consideration and deliberation, the Trustee has concluded that his interests and the interests of the Debtor's estate would be best served by the retention of Ashby & Geddes as his counsel. The services Ashby & Geddes may be required to render for the Trustee include, without limitation, the following:

  i. Assisting, advising and representing the Trustee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and any other matters relevant to this Case;

  ii. Preparing on behalf of the Trustee, necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

  iii. Reviewing, analyzing and responding to pleadings filed in this Case and any other legal proceeding pending before this or any other Court, and appearing in court to present necessary motions, applications and pleadings and to otherwise protect the interests of the Trustee and the estate;

  iv. Assisting, advising and representing the Trustee in the evaluation of claims and on any litigation matters, including avoidance actions; and

    v.    Providing legal advice to the Trustee regarding the administration of this Case and performing all other legal services for the Trustee that may be necessary and proper in this Case.

18. Subject to the Court's approval, Ashby & Geddes will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. Ashby & Geddes will seek approval of payment of compensation and reimbursement of expenses upon Ashby & Geddes' filing of appropriate applications for the allowance of interim and final compensation and reimbursement of expenses pursuant to sections 328, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and such other Orders as the Court may enter.

19. Although certain additional professionals and paraprofessionals at Ashby & Geddes may provide services to the Trustee from time to time, the principal attorneys and paralegal presently designated to represent the Trustee, and their current standard hourly rates, are:

| NAME | TITLE | RATE |
|---|---|---|
| Ricardo Palacio | Director | $785 |
| Destiny A. Kosloske | Associate | $395 |
| Kristy Jones | Paralegal | $335 |
| Anthony Dellose | Paralegal | $335 |

20. The hourly rates set forth above are Ashby & Geddes current regular hourly rates for work of this nature and are adjusted on an annual basis, effective January 1. In addition, other attorneys and paralegals will be involved as necessary and appropriate to represent the Trustee. The current range of rates of Ashby & Geddes partners, of counsel, associates and paralegals are as follows:

| TITLE | RATE |
|---|---|
| Partners/Of Counsel | $620 – $1090 |
| Associates | $305 – $465 |

{02046974;v1}    6

| | |
|---|---|
| Paralegals/Legal Secretaries | $300 – $335 |

21. The hourly rates set forth above are set at a level designated to compensate fairly the firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Such hourly rates do not include charges for non-legal personnel who also record time spent working on matters for particular clients. In accordance with Local Rule 2016-2(d)(viii), travel time during which no work is performed shall be separately described and billed at no more than 50% of regular hourly rates. It is Ashby & Geddes' policy to charge its clients for all other services provided and for disbursements and expenses incurred in relation thereto. These disbursements and expenses include, among other things, charges for telephone and facsimile usage (outgoing only), photocopying (10 cents per page), travel, business meals, computerized research, messengers, couriers, postage, witness fees and fees related to trials and hearings. Ashby & Geddes will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

22. Other than as set forth above and in the Palacio Affidavit, no arrangement is proposed between the Trustee and Ashby & Geddes for compensation to be paid in this Case.

B. **Ashby & Geddes is a "Disinterested Person"**

23. The Trustee has selected Ashby & Geddes because of its knowledge and experience, and believes that Ashby & Geddes has no disqualifying conflicts of interest. To the best of the Trustee's knowledge, and except as may be disclosed in the Palacio Affidavit, Ashby & Geddes has had no other prior connection to the Debtor, its creditors or any other parties-in-interest.

24. Ashby & Geddes has advised the Trustee that neither Ashby & Geddes nor any partner, counsel or associate of Ashby & Geddes: (i) holds an adverse interest in connection with

this Case or (ii) represents any other entity having an adverse interest in connection with this Case, except as may be disclosed in the Palacio Affidavit. The Trustee believes that Ashby & Geddes is a "disinterested person" as that term is defined in the Bankruptcy Code because it "(A) is not a creditor, an equity security holder, or an insider [of any Debtor]; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the [D]ebtor[s]; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the [D]ebtor[s], or for any other reason." 11 U.S.C. § 101(14).

25. As set forth in the Palacio Affidavit, because of the nature of its general practice, Ashby & Geddes: (i) has appeared in the past and may appear in the future in cases unrelated to this Case where one or more of the Potential Parties-in-Interest (as defined in the Palacio Affidavit) may be involved and (ii) has represented in the past, currently represents or may represent in the future one or more of such parties or other Potential Parties-in-Interest in matters unrelated to this Case. However, Ashby & Geddes does not represent these entities on matters in any way related to the Trustee, the Debtor or this Case.

26. As further set forth in the Palacio Affidavit, Ashby & Geddes appears in cases, proceedings and transactions involving different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent parties-in-interest in this Case. Additionally, in the course of its practice, Ashby & Geddes represents different financial institutions in matters unrelated to these Debtor and has or may have represented one or more of the financial institutions which are creditors in this Case. Notwithstanding the foregoing, Ashby & Geddes has not and will not represent any of such entities in relation to this Case, or any of their affiliates or subsidiaries, or have any relationship with any such entity, attorneys, accountants,

financial consultants and investment bankers which would be adverse to the Trustee or the Debtor's estate.

27. Based on the foregoing, and the representations contained in the Palacio Affidavit, the Trustee believes that Ashby & Geddes is a "disinterested person" and qualified to represent to the Trustee in this Case.

28. As set forth in detail herein and in the Palacio Affidavit, the Trustee submits that Ashby & Geddes is well qualified, disinterested and otherwise meets the criteria for retention and employment in this Case. The Trustee submits that, upon selection as counsel, Ashby & Geddes immediately commenced work on critical matters and promptly devoted firm resources to this Case in good faith and pending submission and approval of this Application. The Trustee is unaware of any circumstance or consideration that will cause third parties any prejudice as a result of the Court's approval of the Application.

29. For the reasons set forth above, the Trustee submits that Ashby & Geddes' retention and employment is necessary and in the best interests of the Debtor, its estate, its creditors and all interested parties.

## Notice

30. The Trustee has provided notice of this Application via electronic mail (where possible) to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor; and (c) any persons who have filed a request for notice in the Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

### No Prior Request

31. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: September 6, 2024

George L. Miller (#4380)
Chapter 7 Trustee
1628 John F. Kennedy Blvd.
Suite 950
Philadelphia, PA 19103-2110

*Chapter 7 Trustee of the Debtor*