IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALLHERE EDUCATION, INC., | ) | Case No. 24-11841 (LSS) |
| | ) | |
| Debtor. | ) | **Related D.I. 22** |

### 502(d) ORDER

**WHEREAS** the United States Attorney's Office for the Southern District of New York (the "DOJ"), on the one hand, and George L. Miller, solely as the chapter 7 trustee (the "Trustee", and together with the DOJ, the "Parties" and each a "Party") of the above-captioned Debtor and its estate, on the other hand, have conferred regarding that certain Grand Jury Subpoena dated September 4, 2024 (the "Subpoena") served upon the Trustee seeking certain information and documents (the "Documents"); and

**WHEREAS** the Trustee believes that the entry of this Order is in the best interests of the Debtor's estate under the circumstances; and

**WHEREAS** reasonable and adequate notice of the Subpoena has been provided to all entities required to be served in accordance with the Bankruptcy Code and the Bankruptcy Rules.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence, and notwithstanding anything to the contrary herein, this Order shall be interpreted to provide the maximum protection allowed pursuant to such Rule. Subject to the provisions of this Order, if the Trustee (the "Disclosing Party") discloses information ("Requested Information") to the DOJ pursuant to the Subpoena and this Order that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client or other applicable privilege

or work product protection (generally, "Privilege" and the "Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture in any matter or contested matter herein or any other federal or state proceeding of any claim of Privilege that the Disclosing Party would otherwise be able to assert with respect to the Protected Information and its subject matter.

2. **Attorney's Ethical Responsibilities.** This Order modifies any ethical responsibility of the Receiving Parties' (defined below) attorneys to refrain from examining materials that the attorney knows or reasonably should know to be Privileged. However, nothing in this Order overrides any attorney's ethical responsibility to refrain from disclosing materials that the attorney knows or reasonably should know to be Privileged, except as permitted in paragraph 8 below.

3. **Burden of Proving Privilege.** The Disclosing Party retains the burden of establishing the Privileged or protected nature of the Protected Information if a party hereto receiving Protected Information (the "Receiving Parties" and, collectively with the Disclosing Party, the "Parties") challenges or otherwise disputes the Privileged or protected nature of such information. The production of the Requested Information to the Receiving Parties is without prejudice to the Receiving Parties' rights to challenge any claim of Privilege or other protection.

4. *In Camera* **Review.** Nothing in this Order limits the right of any Party hereto to petition the Court for an *in camera* review of the Protected Information.

5. **Voluntary and Subject Matter Waiver.** This Order does not preclude a Party from voluntarily waiving Privilege or other protection. The provisions of Federal Rule of Evidence 502(a) apply when a Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

6. **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

7. **DOJ Use or Disclosure of Documents**. The DOJ may use or disclose the Documents as needed or as required by law in connection with its investigation and/or any resulting criminal proceeding, provided that the DOJ makes efforts to preserve the confidentiality of the Documents. Prior to disclosing the Documents, or the information or communications referenced in the Documents, to any third party other than a court or criminal defendant, the DOJ shall first obtain and retain from the third party a signed acknowledgment and agreement to be bound in the form attached to this Order as <u>Exhibit 1</u> or substantially similar form. For purposes of this Order, a third party includes that third party's counsel and agents of the third party's counsel assisting counsel in the representation of the third party.

8. For the avoidance of doubt, the production of the Documents in response to the Subpoena, or any subsequent use or disclosure of the Documents by the DOJ in accordance with this Order, will not constitute a waiver of any privilege or protection over the Documents, any information or communication referenced in the Documents, or the subject matter thereof.

9. Nothing herein is intended to restrict the use or disclosure of the Documents by the DOJ as needed in connection with any criminal proceeding that arises out of its investigation, including to comply with its criminal discovery obligations, provided that the DOJ first (i) provides advance notice to the Trustee and (ii) makes efforts to obtain an appropriate order from the presiding District Court that preserves the confidentiality of the Documents.

10. The Disclosing Party shall bear their own attorneys' fees incurred in connection with the production of the Requested Information. The Parties shall each bear their own attorneys'

fees incurred in connection with any challenge to whether the Protected Information is in fact Privileged or otherwise protected.

11. The Court shall retain jurisdiction to interpret and enforce the terms of this Order.

*[Signature: Laurie Selber Silverstein]*

**Dated: September 30th, 2024**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

{02053805;v1}