# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALLHERE EDUCATION, INC., | ) | Case No. 24-11841 (LSS) |
| | ) | |
| Debtor. | ) | Hearing Date: February 20, 2025 at 10:15 a.m. (ET) |
| | ) | Obj. Deadline: February 13, 2025 at 4:00 p.m. (ET) |

## MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 COMPELLING THE PRODUTION OF RECORDS FROM GUSTO, INC.

George L. Miller, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), under and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, directing Gusto, Inc. ("Gusto") to produce to the Trustee certain payroll, tax and other records related to the Debtor. In support of this Motion, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Local Rule 2004-1.

3. The Trustee confirms his consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later

{02086768;v2 }

determined thatthe Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

A.  **General Background.**

4. Prior to the Petition Date (as defined below), the Trustee understands that the Debtor ran an attendance intervention management platform for K-12 schools and districts.  The Trustee further understands, based on the bankruptcy petition filed in this case, that Debtor's principal place of business was 177 Huntington Avenue, Suite 1705, PMB#28939, Boston, MA  02115.

5. On August 13, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing this chapter 7 case (the "Case"). Additionally, on August 13, 2024, the Debtor filed its schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 1 and 3].

6. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed George L. Miller to serve as interim Chapter 7 Trustee in the Case. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 10, 2024.

7. Since the date of his appointment, the Trustee has been investigating the assets and liabilities of the Debtor.

8. The Trustee has not filed a motion to operate the business of the Debtor pursuant to 11 U.S.C. § 721.

B.  **The Trustee's Need and Request for Payroll, Tax and Other Records.**

9. In connection with his administration of the Debtor's estate, the Trustee requires access to and copies of the Debtor's payroll and tax records (and related documents) (collectively, the "Payroll Records"). The Debtor provided the Trustee with limited payroll data, but additional

information is needed to further assess the Debtor's financial history. To that end, the Trustee, through his professionals, contacted Gusto, the Debtor's prepetition payroll provider, to obtain such Payroll Records.

10. Despite efforts to reach an arrangement that would allow for Gusto's production of the Payroll Records, no such agreement could be reached. Indeed, Gusto refused to produce any documents or information related to Payroll Records or otherwise. Thus, the Trustee seeks the entry of an order pursuant to Bankruptcy Rule 2004 compelling the production of the Payroll Records.

## RELIEF REQUESTED

**A.    The Payroll Records Are Necessary to the Administration of the Debtor's Estate, and the Trustee is Entitled to Such Records.**

11. Bankruptcy Rule 2004 provides that the Court, upon the motion of a party in interest, may order the examination of the Debtor or any party in interest. Rule 2004 provides, in pertinent part, as follows:

> a) *Examination on Motion*. On Motion of any party in interest, the Court may order the examination of any entity.
>
> b) *Scope of Examination*. The examination of any entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> c) *Compelling Attendance and Production of Documents*. The attendance of an entity for examination and the production of documents . . . may be compelled in the manner provided in Rule 9016 for the attendance of a witness at a hearing or trial. . . .

Fed. R. Bankr. P. 2004(a)-(c).

12. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009).

Proper goals of Rule 2004 examinations include "'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citation omitted)); *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 270 n.6 (S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a trustee in a bankruptcy proceeding to 'learn quickly about the debtor entity' so that he or she may 'maximize the realization of the debtor's estate' and 'discover the existence and location of assets of the estate.'") (citations omitted).

13. "Third parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Thus, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Ionosphere Clubs, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "The scope of a Rule 2004 examination is 'unfettered and broad.'" *Wash. Mut.*, 408 B.R. at 49 (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). Indeed, the scope and breadth of Rule 2004 have been described as "in the nature of a 'fishing expedition.'" *Id*.

14. A Rule 2004 examination is warranted here. The Debtor did not process payroll internally and used a third party provider, i.e. Gusto, to process the payroll. More specifically, the Debtor did not maintain payroll but relied solely on access to Gusto's platform for the Debtor's payroll administration. Gusto is refusing the Trustee access to the platform.

15. The Trustee requires the Payroll Records to facilitate his review of the Debtor's historical payroll expenses and liabilities; to ensure the proper reporting of compensation to

Debtor's employees required to be reported by the Debtor; to ensure proper reporting of required quarterly and annual payroll tax returns of the Debtor; and be able to reconcile payroll records to any payroll and/or payroll tax related proofs of claims filed in this case.

16. The Trustee's request falls squarely within the parameters of Bankruptcy Rule 2004, as it relates to the "property or to the liabilities and financial condition of the debtor," and the Payroll Records vitally concern and affect the administration of the Debtor's estate. Fed. R. Bankr. P. 2004(b). The requested records and information, simply put, are necessary to administer the estates and prepare future tax returns. Absent this information, the Trustee's ability to fulfill his mandates under the Bankruptcy Code will be restricted and unduly prejudiced.

17. The Trustee and his professionals have attempted to obtain such documents through alternative avenues, including the Debtor's own books and records. Moreover, the documents are not complex or innumerable, nor will their production by Gusto be unduly burdensome. To the contrary, the records are of the sort often requested by current and former clients. Accordingly, the Trustee submits that good cause exists for the Court to grant the Motion and enter the attached form of order, compelling Gusto to produce the Payroll Records.

**CERTIFICATION OF CONFERENCE**

18. As explained above, the Trustee, through his professionals, contacted Gusto requesting the Payroll Records. The Trustee's accountants also have had follow-up correspondence with Gusto. To date, however, Gusto has declined to produce the Payroll Documents. Accordingly, it is necessary for the Trustee to file this Motion. The Trustee remains hopeful a consensual resolution of the issues discussed herein will be possible, and, to the extent feasible, will continue to work with the Gusto towards this end after the filing of this Motion.

## NOTICE

19. Pursuant to Local Rule 2004-1(d), the Trustee will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) Gusto; and (c) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, the Trustee requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A: (i) directing Gusto to produce the Payroll Records within seven (7) days of entry of the Order, or such other date as may be agreed to by the Trustee; and (ii) granting such other relief as is just and proper.

Dated:  February 4, 2025                                    ASHBY & GEDDES, P.A.

 */s/ Ricardo Palacio*
Ricardo Palacio (#3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
Email:  rpalacio@ashbygeddes.com

*Counsel for George L. Miller,*
*Chapter 7 Trustee*