# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALLHERE EDUCATION, INC., | ) | Case No. 24-11841 (LSS) |
| | ) | |
| Debtor. | ) | Hearing Date: August 14, 2025 at 11:30 a.m. (ET) |
| | ) | Obj. Deadline: July 21, 2025 at 4:00 p.m. (ET) |

## FOURTH MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO EXTEND THE TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365(d)(1) OF THE BANKRUPTCY CODE

George L. Miller, Chapter 7 Trustee (the "Trustee") of the above-captioned debtor (the "Debtor") and its estate (the "Estate"), by and through his undersigned counsel, pursuant to sections 365(d)(1) and 105(a) of title 11 of the United States Code (as may be amended, the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files the *Fourth Motion of George L. Miller, Chapter 7 Trustee, to Extend the Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1) of the Bankruptcy Code* (the "Motion"), seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") further extending the time for the Trustee to assume or reject all executory contracts and unexpired leases to which the Debtor is a counterparty. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) & (O).

{02137842;v1 }

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested include Bankruptcy Code sections 105(a) and 365(d)(1), and Bankruptcy Rule 9006(b)(1).

5. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee hereby consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

6. Prior to the Petition Date (as defined below), the Trustee understands that the Debtor ran an attendance intervention management platform for K-12 schools and districts. The Trustee further understands, based on the bankruptcy petition filed in this case, that Debtor's principal place of business was 177 Huntington Avenue, Suite 1705, PMB#28939, Boston, MA 02115.

7. On August 13, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing this chapter 7 case (the "Case"). Additionally, on August 13, 2024, the Debtor filed its schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 1 and 3].

8. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed George L. Miller to serve as interim Chapter 7 Trustee in the Case. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 10, 2024.

9.  Since the date of his appointment, the Trustee has been investigating the assets of the Chapter 7 Estate of the Debtor.

10. The statutory deadline to assume or reject executory contracts and unexpired leases—60 days from the Petition Date—is October 12, 2024.

11. The Trustee has not filed a motion to operate the business of the Debtor pursuant to 11 U.S.C. § 721.

12. On October 9, 2024, the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee, to Extend the Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1) of the Bankruptcy Code* [D.I. 26].

13. Pursuant to the *Order Granting Trustee's Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1)* dated October 28, 2024, the time to assume or reject certain executory contracts and unexpired leases was extended to January 10, 2025 [D.I. 28].

14. On January 7, 2025, the Trustee filed the *Second Motion of George L. Miller, Chapter 7 Trustee, to Extend the Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1) of the Bankruptcy Code* [D.I. 31].

15. Pursuant to the *Order Granting Trustee's Second Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1)* dated January 27, 2025, the time to assume or reject certain executory contracts and unexpired leases was extended to April 10, 2025 [D.I. 35].

16. On April 2, 2025, the Trustee filed the *Third Motion of George L. Miller, Chapter 7 Trustee, to Extend the Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1) of the Bankruptcy Code* [D.I. 43].

17. Pursuant to the *Order Granting Trustee's Third Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1)* dated January 27, 2025, the time to assume or reject certain executory contracts and unexpired leases was extended to July 9, 2025 [D.I. 45].

## RELIEF REQUESTED

18. By this Motion, the Trustee seeks approval of the Order, substantially in the form attached hereto as **Exhibit A,** further extending the time to assume or reject certain executory contracts and unexpired leases for an additional 90 days to October 7, 2025, pursuant to sections 105(a) and 365(d)(1) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1).

## BASIS FOR RELIEF REQUESTED

19. Section 365(d)(1) of the Bankruptcy Code provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1); *see also In re Benson*, 76 B.R. 381, 382 (Bankr. D. Del. 1987) (holding that a contract not assumed or rejected, or extension of time requested, within 60 days of the petition date is deemed rejected).

20. "Cause" is not defined in the Bankruptcy Code, and the determination of whether to grant an extension under section 365 is within the sound discretion of the Court. *See In re Service Merchandise Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

21. Bankruptcy Rule 9006(b)(1) provides:

{02137842;v1 }

when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[1]

22. The Trustee previously sought and obtained Court authorization to extend the deadline by which the Trustee assume or reject executory contracts and unexpired leases of residential real property and personal property. Pursuant to that certain *Order Granting Trustee's Third Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1)* (the "Third Extension Order"), the Court extended such deadline to and including July 9, 2025, without prejudice to seek further extensions.

23. Out of an abundance of caution, the Trustee seeks to further extend the deadline to assume or reject executory contracts and unexpired leases under section 365(d)(1) for an additional 90 days. The Trustee is exploring all available options to administer the Case. More specifically, the Trustee is still analyzing the Debtor's executory contracts and unexpired leases, and seeks additional time to determine whether to reject or assume the same as part of a potential sale or otherwise (and discussions regarding a possible sale are ongoing).

24. The Trustee submits that "cause" exists under these facts as, absent the requested herein extension, all of the Debtor's executory contracts and unexpired leases will be deemed rejected, which may cause significant harm to the Debtor's Estate and its creditors as such contracts may provide substantial value to an eventual purchaser of the Debtor's assets. The Trustee believes

---

[1] Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

{02137842;v1 }

that the requested extension is necessary to ensure that a thorough analysis of the Debtor's executory contracts and unexpired leases is conducted. Moreover, no parties will be prejudiced by the limited relief sought by this Motion.

25. As the Trustee's investigation into the Debtor's assets and liabilities is still ongoing, the Trustee reserves the right to assert that any contracts or leases are not executory in nature and that none of the Debtors is a party to any such contract or lease.

## NOTICE

26. Notice of this Motion has been given to: (a) the Debtors, (b) the Office of the United States Trustee, (c) the non-debtor counterparties to the Executory Contracts and Unexpired Leases on Schedule G and (d) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

## NO PRIOR REQUEST

27. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the Trustee an additional 90-day extension of time to assume or reject all executory contracts and unexpired leases under section 365(d)(1) through and

including October 7, 2025, and granting the Trustee such other or further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 7, 2025 | **ASHBY & GEDDES, P.A.**<br><br>*/s/  Ricardo Palacio*<br>Ricardo Palacio (DE Bar No. 3765)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, Delaware 19899-1150<br>Tel: (302) 654-1888<br>Fax: (302) 654-2067<br>Email:  RPalacio@ashbygeddes.com<br><br>*Counsel to George L. Miller, Chapter 7 Trustee to AllHere Education, Inc.* |

{02137842;v1 }