**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALLHERE EDUCATION, INC., | ) | Case No. 24-11841 (LSS) |
| | ) | |
| | ) | **Hearing Date: To be heard with Trustee's Final Report** |
| Debtor. | ) | **Objections Due: To be determined** |
| | ) | |

**SUMMARY OF FIRST AND FINAL APPLICATION OF ASHBY & GEDDES, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR THE FINAL PERIOD OF AUGUST 27, 2024, *NUNC PRO TUNC,* THROUGH AUGUST 31, 2026 AND WAIVER OF DEL. BANKR. L.R. 2016-1**

| | |
|---|---|
| Name of Applicant: | Ashby & Geddes, P.A. |
| Authorized to Provide Professional Services to: | George L. Miller, as Chapter 7 Trustee for the estate of AllHere Education, Inc. |
| Date of Retention: | September 30, 2024 *nunc pro tunc* to August 27, 2024 |
| Final Period for Which Compensation and Reimbursement is Sought: | August 27, 2024 through August 31, 2026 |
| Amount of Final Compensation Sought As Actual, Reasonable and Necessary: | $46,843.00 |
| Amount of Final Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $202.69 |

This is a First **Interim** and **Final** Fee Application.

**PRIOR APPLICATIONS FILED**

None.

**COMPENSATION BY INDIVIDUAL FOR THE FINAL PERIOD**
**FROM AUGUST 27, 2024 THROUGH AUGUST 31, 2026**

| Name of Professional | Position at Ashby & Geddes and Year of Admission | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Ricardo Palacio (RP) | Director Bankruptcy/Insolvency Admitted 1998 | $785<br>$825<br>$860 | 33.70<br>12.20<br>0.20 | $26,454.50<br>$10,065.00<br>$172.00 |
| Destiny A. Kosloske (DAK) | Associate Bankruptcy/Insolvency Admitted 2026 | $420 | 8.60 | $3,612.00 |
| Kristy M. Jones (KMJ) | Paralegal | $335<br>$345<br>$365 | 7.00<br>11.10<br>1.00 | $2,345.00<br>$3,829.50<br>$365.00 |
| | | **Total:** | **73.80** | **$46,843.00** |
| | | **Blended Rate:** | | **$634.73** |

**COMPENSATION BY PROJECT CATEGORY FOR THE FINAL PERIOD**
**FROM AUGUST 27, 2024 THROUGH AUGUST 31, 2026**

| Project Category (Task Code) | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery (01) | 3.50 | $2,747.50 |
| Asset Disposition (02) | 25.50 | $18,768.50 |
| Assumption and Rejection of Leases (03) | 5.60 | $3,240.00 |
| Avoidance Action Analysis (04) | 0.20 | $172.00 |
| Case Administration (07) | 20.10 | $10,356.50 |
| Employment and Fee Applications (11) | 6.40 | $2,677.00 |
| Litigation/Adversary Proceedings (14) | 11.10 | $7,782.50 |
| Reporting (20) | 1.40 | $1,099.00 |
| **Total:** | **73.80** | **$46,843.00** |

**INTERIM EXPENSE SUMMARY FOR THE FINAL PERIOD**
**FROM AUGUST 27, 2024 THROUGH AUGUST 31, 2026**

| Expense Category | Total Expenses |
|---|---|
| Photocopies | $97.80 |
| Pacer service | $17.30 |
| Postage | $87.59 |
| **Total:** | **$202.69** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALLHERE EDUCATION, INC., | ) | Case No. 24-11841 (LSS) |
| | ) | |
| | ) | **Hearing Date: To be heard with Trustee's Final Report** |
| Debtor. | ) | **Objections Due: To be determined** |

**FIRST AND FINAL APPLICATION OF**
**ASHBY & GEDDES, P.A. FOR COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO GEORGE L. MILLER,**
**CHAPTER 7 TRUSTEE, FOR THE FINAL PERIOD OF**
**AUGUST 27, 2024, *NUNC PRO TUNC,* THROUGH AUGUST 31, 2026**
**AND WAIVER OF DEL. BANKR. L.R. 2016-1**

Ashby & Geddes, P.A. ("Ashby & Geddes"), as counsel to George L. Miller, the Chapter 7 Trustee (the "Trustee") of debtor AllHere Education, LLC (the "Debtor") and its estate, hereby submits the *First and Final Application of Ashby & Geddes, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to George L. Miller, Chapter 7 Trustee, for the Final Period from August 27, 2024 through August 31, 2026 and Waiver of Del. Bankr. L.R. 2016-1* (the "Application"), pursuant to sections 330, 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order, substantially in the form attached hereto as **Exhibit A**, for for approval of professional fees in the amount of $46,843.00 together with the reimbursement of actual and necessary expenses incurred in the amount of $202.69, for the period of August 27, 2024 through August 31, 2026 (the "Application Period") In support of this First Interim and Final Application, Ashby & Geddes respectfully represents as follows:

:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested include Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

5. Pursuant to Local Bankruptcy Rule 9013-1, Ashby & Geddes consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

6. Prior to the Petition Date (as defined below), the Trustee understands that the Debtor ran an attendance intervention management platform for K-12 schools and districts. The Trustee further understands, based on the bankruptcy petition filed in this case, that Debtor's principal place of business was 177 Huntington Avenue, Suite 1705, PMB#28939, Boston, MA 02115.

7. On August 23, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing this chapter 7 case (the "Case"). Additionally, on August 23, 2024, the Debtor filed its schedules of assets and liabilities, as well as its statement of financial affairs [Docket Nos. 1 and 3].

8. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed George L. Miller to serve as interim Chapter 7 Trustee in this Case.

9. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on September 10, 2024.

10. The Trustee has not filed a motion to operate the businesses of the Debtor pursuant to 11 U.S.C. § 721, and the Trustee understands the Debtor has no business operations.

11. On August 27, 2024, the Trustee selected Ashby & Geddes as his general bankruptcy counsel and requested that Ashby & Geddes begin to advise him in connection with the administration of this Case.

12. On August 27, 2024, and to assist him in the performance of his statutory duties, the Trustee filed his *Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and 330, Fed. R. Bankr. P. 2014 and 2016 and Local Rule 2014-1 Authorizing the Retention and Employment of Ashby & Geddes, P.A. as Counsel to George L. Miller, Chapter 7 Trustee, Nunc Pro Tunc to August 27, 2024* (the "Ashby Retention Application") [D.I. 12].

13. The Ashby Retention Application included the *Affidavit of Ricardo Palacio in Support of the Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and 330, Fed. R. Bankr. P. 2014 and 2016 and Local Rule 2014-1 Authorizing the Retention and Employment of Ashby & Geddes, P.A. as Counsel to George L. Miller, Chapter 7 Trustee, Nunc Pro Tunc to August 27, 2024* (the "Palacio Affidavit"). The Palacio Affidavit set forth the basis for Ashby & Geddes' status as a "disinterested person" as that term is defined under 11 U.S.C. § 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

14. On September 30, 2026, the Court entered an order (the "Retention Order") approving Ashby & Geddes' employment and retention as counsel to the Trustee in the Case [D.I.

24]. Pursuant to the Retention Order, Ashby & Geddes is to be compensated for services rendered on an hourly basis consistent with Ashby & Geddes' then-prevailing ordinary and customary hourly rates.

**Summary of Services**

15. This Application is submitted in accordance with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court. All services for which compensation is requested by Ashby & Geddes were performed at the direction of, for, or on behalf of, the Trustee.

16. Ashby & Geddes maintains written records for the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Trustee. A detailed description of services rendered during the Application Period is attached hereto as **Exhibit B**. Such records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Ashby & Geddes' practice, and are presented in a form which is in compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 on January 30, 1996 (the "Guidelines").

17. In general, and consistent with and pursuant to the terms of the Retention Order, Ashby & Geddes rendered, among other things, the following services to the Trustee:

a. provided legal advice with respect to the Trustee's powers and duties under the Bankruptcy Code;

b. assisted, advised and represented the Trustee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's prepetition operations and any other matters relevant to the Case;

c. prepared on behalf of the Trustee, necessary applications, motions, responses, and other legal papers;

d. reviewed, analyzed and responded to filings made in the Case and any other legal proceeding pending before this or any other Court, and appeared in court to present necessary motions, applications and pleadings and to otherwise protect the interests of the Trustee and the Estate;

e. assisted, advised and represented the Trustee in the evaluation of claims and on any litigation matters, including avoidance actions; and

f. provided legal advice to the Trustee regarding the administration of the Case and performed all other legal services for the Trustee that may be necessary and proper in this Case.

18. More specifically, and as set forth in greater detail in **Exhibit B**, Ashby & Geddes performed, among others, the following services during the Application Period:

- prepared and/or filed retention applications for itself and other professionals retained by the Trustee;
- assisted the Trustee in connection with a DOJ investigation, and related tasks;
- prepared, received and filed, as the circumstances required, various filings made in the Cases, including motions to extend deadline to assume/reject executory contracts and leases and a motion to compel filed against Debtor's payroll platform;
- addressed multiple inquires with potentially interested buyers for the sale of the Debtor's assets.

19. In short, Ashby & Geddes analyzed the Trustee's (and the Debtor's) duties under the Bankruptcy Code with respect to any right, obligation or dispute brought to the Trustee's attention, and advised the Trustee in accordance therewith. Ashby & Geddes, at the direction of the Trustee, took the necessary action to preserve and effectuate the Trustee's (and the Debtor's) rights and responsibilities under the Bankruptcy Code, Bankruptcy Rules, and Local Rules of this Court.

## Relief Requested and Basis Therefor

20. Ashby & Geddes seeks compensation in the amount of $46,843.00 in connection with the professional services rendered by Ashby & Geddes during the Application Period and as

set forth in **Exhibit B** hereto. Ashby & Geddes respectfully submits that said amount is reasonable compensation based upon the services performed, and the benefit provided to the Debtor's estate. Moreover, Ashby & Geddes considers this Application to be fair and reasonable based upon its hourly rates, in comparison with rates charged by other firms in this jurisdiction with comparable background and experience in similar fields of legal expertise.

21. Ashby & Geddes has incurred out-of-pocket disbursements during the Application Period in the amount of $202.69. This disbursement sum is broken down into categories of charges, including, among other things, telecopier charges ($0.10 per black and white page and $0.25 per color page), third-party photocopying charges, out-going facsimile charges ($0.25 per page), mail and express mail charges, special or hand delivery charges, computerized research, transcription costs, Court costs, travel expenses and expenses for meals. A complete review by category of the expenses incurred for the Application Period are set forth in Exhibit B. To the extent such itemization is insufficient to satisfy the requirements of Local Rule 2016-1(e)(ii), Ashby & Geddes respectfully requests that the Court waive strict compliance with such rule. Ashby & Geddes incurred or disbursed the actual and necessary costs and expenses related to these Cases as follows:

| Expense Category | Total Expenses |
|---|---|
| Photocopies | $97.80 |
| Pacer service | $17.30 |
| Postage | $87.59 |
| **Total:** | **$202.69** |

22. By this Application, Ashby & Geddes seeks entry of the Order, substantially in the form attached hereto as **Exhibit A,** approving the Application, pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

23. In accordance with the factors enumerated in 11 U.S.C. § 330, Ashby & Geddes

represents that the amounts requested for compensation and expense reimbursement are fair and reasonable given (a) the complexity of this Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this title.

24. Ashby & Geddes has not received payment or promises for payment from any source for services rendered in connection with this Case. There is no agreement or understanding between A&G and any other person (other than members of Ashby & Geddes) for the sharing of compensation to be received for the services rendered in this Case.

25. Ashby & Geddes reviewed the requirements of Local Rule 2016-1 and this Application complies with Local Rule 2016-1.

26. Ashby & Geddes has provided a copy of this Application to (i) the Trustee; and (ii) the Office of the United States Trustee. In addition, Ashby & Geddes has provided notice of this Application to all parties requesting notice in these Cases pursuant to Bankruptcy Rule 2002.

**Conclusion**

WHEREFORE, Ashby & Geddes respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting Ashby & Geddes' Application, and granting Ashby & Geddes such other or further relief as the Court deems just and proper.

Dated: September 23, 2026
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*

Ricardo Palacio (DE Bar No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: RPalacio@ashbygeddes.com

*Counsel for George L. Miller, Chapter 7 Trustee of the Debtor*